IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Civil Action No. 23-cv-01184-RMR-STV

SHAWN LEE,

    Plaintiff,

v.

RAFAEL ANDRES HEREDIA-GALLEGOS; and
AMERICAN FAMILY INSURANCE COMPANY.

    Defendants.

## ORDER ADOPTING MAGISTRATE JUDGE RECOMMENDATION

This matter is before the Court on the Recommendation of United States Magistrate Judge Scott T. Varholak, ECF No. 38, entered September 7, 2023, addressing Plaintiff's Motion to Remand (ECF No. 25). Magistrate Judge Varholak recommends that the Motion to Remand be granted.

Defendant American Family Insurance Company ("American Family") filed an objection to the Recommendation at ECF No. 39, and Plaintiff filed a response at ECF No. 40. This Court is required to make a de novo determination of those portions of a magistrate judge's recommendation to which a specific objection has been made, and it may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. Fed. R. Civ. P. 72(b). After de novo consideration, the Court overrules

American Family's objection, adopts the Recommendation, and remands this case to state court.

American Family first objects that Magistrate Judge Varholak erred in declining to sever Plaintiff's claims against it from his tort claim against Defendant Rafael Andres Heredia-Gallegos, arguing that the balance of factors under Federal Rule of Civil Procedure 21 weighs in favor of severance.[1] The Court has reviewed Magistrate Judge Varholak's analysis of this issue de novo and agrees with the findings and ultimate conclusion set forth in the Recommendation. As American Family acknowledges, courts retain significant discretion in determining whether severance is appropriate under Rule 21. ECF No. 39 at 2; *see also, e.g.*, *Lenon v. St. Paul Mercury Ins. Co.*, 136 F.3d 1365, 1371 (10th Cir. 1998) (noting the "considerable discretion" granted to the district court under Rule 21). American Family's assertion that "there are not common *material* facts that link the two claims because the facts underlying the claims against Heredia-Gallegos will not be contested or at issue in the claims against American Family," ECF No. 39 at 7, is seemingly belied by American Family's own pleadings in this case—and does not persuade the Court that severance is necessary in any event. In analyzing this issue, Magistrate Judge Varholak applied the correct legal standard and appropriately found no misjoinder of claims under Rule 20 and no basis for severance under Rule 21. The Court thus agrees with the Magistrate Judge's finding that Heredia-Gallegos was properly joined as a defendant, and the claims against him cannot be properly severed.

---

[1] To the extent that American Family urges this Court to adopt a procedural misjoinder theory here—a course soundly rejected by Magistrate Judge Varholak—the Court declines to do so for the reasons articulated in the Recommendation. *See* ECF No. 38 at 6–8.

American Family further objects to Magistrate Judge Varholak's determination that its removal was improper because American Family failed to obtain unanimous consent from all defendants to remove the case as required by 28 U.S.C. § 1446(b)(2)(A). In its objection, American Family reiterates its previous argument that it "was not required to obtain Heredia-Gallegos's consent because its basis for removal was improper joinder." ECF No. 39 at 11. This argument begs the very question at issue, however, and amounts simply to disagreeing with Magistrate Judge Varholak's conclusion that Plaintiff's claims against American Family and Heredia-Gallegos were properly joined. As stated, upon de novo review, the Court concurs with Magistrate Judge Varholak's findings and recommendations on this issue and concludes that the claims against American Family and Heredia-Gallegos are properly joined under Rule 20. Having thus found that there was no misjoinder, the lack of consent of all defendants means that this case must be remanded to state court. American Family's objection is overruled.

American Family alternatively requests that the Court "provide a limited discovery period to determine Heredia-Gallegos's citizenship and obtain his consent to removal if he is a non-Colorado citizen." ECF No. 39 at 12. The Court will deny this request. While a district court has the authority to permit discovery in order for a party to prove diversity jurisdiction, such discovery is discretionary. *Foremost Signature Ins. Co. v. Am. Emergency Response & Recovery Co., LLC*, No. 20-CV-00299-PAB, 2020 WL 3469699, at *2 (D. Colo. June 25, 2020). American Family's request improperly inverts the process for invoking federal removal jurisdiction. Permitting jurisdictional discovery at this stage would undermine the well-established rule that "[t]he party invoking federal jurisdiction

3

bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004); *see also Posen v. Malkerson Gilliland Martin, LLP*, No. 05-CV-01819-REB-MJW, 2006 WL 27214, at *1 (D. Colo. Jan. 5, 2006) ("It is . . . improper for a party to first remove and only then seek to develop facts showing that federal subject matter jurisdiction exists."). The Court therefore declines American Family's request for jurisdictional discovery.

Accordingly, it is ORDERED that:

1. American Family's Objection to the Recommendation, ECF No. 39, is OVERRULED;
2. The Recommendation, ECF No. 38, is ACCEPTED and ADOPTED;
3. Plaintiff's Motion to Remand, ECF No. 25, is GRANTED, and this case is REMANDED to the Denver County District Court for further proceedings;
4. Plaintiff's Motion to Strike Defendant's Supplemental Brief, ECF No. 36, is DENIED AS MOOT; and
5. Plaintiff's request for attorneys' fees and rule 11 sanctions is DENIED WITHOUT PREJUDICE.

DATED: October 26, 2023

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge